# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

ABDUGAPUR TURGUNOV,

        Petitioner,

      v.

WARDEN, Adelanto ICE Detention Center;
ERNESTO SANTA CRUZ, JR., Field Director, U.S. Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and
PAM BONDI, Attorney General of the United States,

        Respondents.

Case No. 5:26-cv-00930-JWH-SK

**ORDER DENYING PETITIONER'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER [ECF No. 2]**

Petitioner Abdugapur Turgunov filed a petition for a writ of habeas corpus against Respondents the Warden of Adelanto's ICE Detention Center; Ernesto Santa Cruz, Jr.; Kristi Noem; and Pam Bondi.[1]  Before the Court is Turgunov's *ex parte* application for a temporary restraining order ("TRO") and a preliminary injunction.[2]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers of record, for the reasons explained below, the Court **DENIES** Turgunov's Application.

## I.  BACKGROUND

### A.    Factual Allegations

Petitioner Abdugapur Turgunov is a citizen of Kazakhstan.[3]  In March 2023 Turgunov arrived in the United States with his wife and four minor children pursuant to a valid B-2 nonimmigrant visa.[4]  Six months after his arrival, Turgunov filed an asylum petition for himself, his wife, and his children.[5]  During the pendency of Turgunov's asylum application, the U.S. government issued a work permit to Turgunov, as well as a social security card and a driver license.[6]

In October 2025 Turgunov was scheduled to appear for an interview regarding his asylum application with U.S. Citizenship and Immigration Services.[7]

---

[1]    Pet.'s Pet. for Writ of Habeus Corpus (the "Petition") [ECF No. 1].

[2]    Pet.'s *Ex Parte* Appl. for TRO & Prelim. Inj. (the "Application") [ECF No. 2].

[3]    Petition 4:26–27.

[4]    *Id.* at 4:27–28.

[5]    *Id.* at 4:28–5:1.

[6]    *Id.* at 5:1–3.

[7]    *Id.* at 5:16–19.

Turgunov alleges that he has no criminal history in the U.S.[8]  Turgunov, however, is the subject of an INTERPOL Red Notice issued by Kazakhstan in connection with a 2022 traffic incident in which Turgunov and his child were injured.[9]  Turgunov alleges that he was not at fault for the accident and that Kazakhstan is using the accident—through the Red Notice—to pursue its political persecution of Turgunov.[10]  After the issuance of the INTERPOL Red Notice, the U.S. Department of State revoked Turgunov's visa.[11]

Turgunov also has a variety of medical conditions, and he alleges that his medical needs are not being properly met while he is in custody.[12]

In December 2025, after his arrest, Turgunov was provided a bond hearing pursuant to 8 U.S.C. § 1226(a).[13]  Through his instant Petition, Turgunov challenges the substance and procedure of his bond hearing.[14]

**B.  Procedural History**

On February 26, 2026, Turgunov filed his Petition and the instant Application.[15]  Respondents filed their Opposition one day late, in which they oppose Turgunov's release.[16]

---

[8]  *Id.* at 5:20.

[9]  *Id.* at 11:17–19.

[10]  *Id.* at 11:19–20.

[11]  Resp.'s Opp'n to the Application (the "Opposition") [ECF No. 11], Ex. A (Order of the Immigration Judge) [ECF No. 11-1].

[12]  Petition 8:1–9:4.

[13]  *Id.* at 10:23–24.

[14]  *Id.* at 10:23–11:14.

[15]  *See generally* Petition; Application.

[16]  *See generally* Opposition.

-3-

## II.  LEGAL STANDARD

The standard for issuing a preliminary injunction is identical to the standard for issuing a TRO.  *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."  *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citations omitted).  An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them.  Fed. R. Civ. P. 65(d)(2).

A party seeking a TRO or a preliminary injunction must establish four elements:  "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  When the nonmoving party is a governmental entity, the last two *Winter* factors "merge."  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III.  ANALYSIS

### A.    Likelihood of Success on the Merits

The Court finds that Turgunov is not likely to succeed on the merits.  Through his Application, Turgunov alleges that Respondents violated his procedural Due Process rights when they arrested him, that the Immigration Judge ("IJ") erred in his bond determination, and that the conditions of his confinement are inadequately providing for his medical needs.  The Court disagrees, and it will briefly address each of Turgunov's arguments.

First, the Ninth Circuit has held that "[t]he detention of aliens during removal proceedings has long been upheld as . . . permissible" and that the

procedures of 8 U.S.C. § 1226(a) do not violate procedural Due Process. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1193–94 (9th Cir. 2022). When the Department of State revoked Turgunov's visa in view of the INTERPOL Red Notice, Turgunov was on notice that he was in the U.S. illegally. Turgunov was then arrested at his asylum check-in and was provided with a bond hearing in accordance with 8 U.S.C. § 1226(a). When the IJ denied bond, Respondents were permitted to detain Turgunov during the pendency of his removal proceedings. *See id.* Turgunov has received process that comports with the requirements of procedural Due Process.[17]

Second, the Court does not have jurisdiction to review the merits of the IJ's decision in a bond hearing. *See Rodriguez Diaz*, 53 F.4th at 1212-13.

Third, in both his Application and his Reply, Turgunov invites the Court's attention to the Ninth Circuit's opinion in *Gordon v. Cnty. of Orange*, 888 F.3d 1118 (9th Cir. 2018). Turgunov argues that his medical-conditions claim is not a "conditions of confinement" claim, but, rather, it is a claim regarding "deliberate indifference to serious medical needs."[18] *Id.* at 1124–25. *Gordon* lists the four elements that a pretrial detainee must prove for a valid medical-care claim under the due process clause of the Fourteenth Amendment—but Turgunov provides no analysis of any of those four elements. But even if Turgunov did, serious evidentiary deficiencies exist with respect to that argument.

For example, Turgunov has not submitted a declaration regarding his medical conditions, his current health status, or his attempts to receive medical

---

[17] The circumstances of Turgunov's case are different than the vast majority of currently filed ICE detention habeas petitions because this is his ***first*** detention—not a re-detention—and he has not yet been released under an order of supervised release or otherwise paroled.

[18] Pet.'s Reply in Supp. of the Application (the "Reply") [ECF No. 12].

care while he has been in ICE custody. The Court recognizes that Turgunov's counsel has provided screenshots of counsel's attempts to contact ICE regarding Turgunov's medical care,[19] but nothing in the record indicates that emailing ICE is the proper procedure for Turgunov to seek the medical care that he requires.

Because the Court finds that, on the present record, Turgunov is not likely to succeed on the merits of his Petition, the Court declines to analyze the remaining *Winter* factors.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Turgunov's Application [ECF No. 2] is **DENIED**.

2. Pursuant to General Order No. 05-07, further proceedings on the merits of the Petition are **REFERRED** to the assigned Magistrate Judge.

**IT IS SO ORDERED.**

Dated:    March 26, 2026



John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[19] Application, Exs. (emails from Counsel to ICE) [ECF No. 2-1] 5–6.

-6-